UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANTHONY JOSEPH JENNINGS | Case No. 4:11-cr-02078-001<br><br>**Order** |

This matter is before the Court on Anthony Jennings's motion for early termination of supervised release. After careful consideration the Court denies the motion.

Jennings pled guilty to a charge of Armed Bank Robbery in violation of Title 18 U.S.C. § 2113(a) & (d), and Use of a Firearm in Furtherance of a Crime of Violence in violation of Title 18 U.S.C. § 924(c)(1)(A) and 924(c)(1)(A)(i). ECF No. 72. On September 26, 2012, the Court imposed a sentence of one hundred five (105) months of imprisonment and five (5) years of supervised release. ECF No. 89. On May 7, 2019, Jennings began his term of supervised release. His term of supervised release is scheduled to expire on or about April 21, 2024

A district court may terminate a Defendant's term of probation if, in the case of a felony, the Defendant has completed at least one year of probation and, after considering the § 3553(a) factors, the court "is satisfied that such action is warranted by the conduct of the Defendant released and the interest of justice." 18 U.S.C. § 3564(c).

The Early Termination Request submitted by the United States Probation Office notes that, as a condition of his supervised release, Jennings was ordered to

participate in the South Carolina Reentry Program known as Re Entering Able to Lead ("R.E.A.L."). ECF No. 199. During Phase 1 of the R.E.A.L program, Jennings was required to make monthly court appearances, submit random drug tests, maintain stable employment, and maintain a stable home life. *Id.* During his participation in Phase 1 of the program, Jennings submitted two positive drug tests. *Id.* He was promoted to Phase 2 of the R.E.A.L. program on May 10, 2022, which requires participants to continue compliance with the conditions of Phase 1. *Id.* Jennings is scheduled to complete Phase 2 of the R.E.A.L. program on May 9, 2023, at which point he would be eligible for early termination of his supervised release. *Id.*

Jennings' offenses of conviction, Armed Bank Robbery and Use of a Firearm in Furtherance of a Crime of Violence, are very serious offenses. In addition to the significance of his offenses of conviction, Jennings has a criminal history that dates to 1991. PSR ¶ 33.  In May 1991 Jennings was convicted on the charge of Driving While Impaired. PSR ¶ 33. In September 1992, Jennings was convicted of Attempted Burglary, 2nd Degree, and Criminal Trespass, 2nd Degree. PSR ¶ 34. In December 1996, Jennings was convicted on charges of Criminal Possession of Stolen Property, 4th Degree. PSR ¶ 36. Finally, in 2011, Jennings was convicted on three counts of Obtaining Goods Under False Pretenses. PSR ¶ 39.

In addition to the significance of Jennings' offenses of conviction and criminal history, Jennings' conduct while on supervised release is concerning to this Court. His initial term of supervised release commenced on May 7, 2019. On July 26, 2019, he tested positive for opiates, cocaine, and marijuana. SRVR ¶ 2. On August 5, 2019,

he tested positive for marijuana. *Id.* On August 15, 2019, he tested positive for opiates, cocaine, and marijuana. *Id.* On August 23, 2019, he tested positive for marijuana. *Id.* He failed to submit drug tests on September 18, 2019, September 26, 2019, October 9, 2019, and October 21, 2019. SRVR ¶¶ 1, 4. On October 24, 2019, Jennings again tested positive, this time for heroin and cocaine. SRVR ¶ 5. Based on this behavior, Jennings' term of supervised release was revoked, and he was sentenced to six (6) months imprisonment, to be followed by 4 years of supervised release. ECF No. 151. His current term of supervision commenced on April 22, 2020. On January 21, 2021, he tested positive for marijuana and buprenorphine. ECF No. 147. On September 3, 2021, he tested positive for marijuana. *Id.*

At present, Jennings still has roughly one (1) year of supervised release remaining, as his term of supervised release does not expire until April 21, 2024. For the reasons stated, and after considering the § 3553(a) factors, the Court concludes that early termination of his term of supervised release is not warranted.

For these reasons, Jennings' motion for early termination of supervised release, ECF No. 147, is **DENIED**.

**IT IS SO ORDERED.**

                                          *s/Terry L. Wooten*
                                          Terry L. Wooten
                                          Senior United States District Judge

May 2, 2023
Columbia, South Carolina